UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHLEY GILES                                          CIVIL ACTION

VERSUS                                                NO. 18-6090

ACE AMERICAN INSURANCE                                SECTION "R"(2)
COMPANY ET AL.

## ORDER AND REASONS ON MOTION

This lawsuit seeks damages resulting from an automobile accident that occurred in St. Tammany Parish, Louisiana. Record Doc. No. 1. The district judge previously issued a Rule 16 scheduling order in this matter setting October 29, 2018, as the deadline for amendment of pleadings. Record Doc. No. 11. Defendants were previously granted leave to amend their answer on October 19, 2018, before the amendment deadline expired. Record Doc. Nos. 18, 20, 21.

Defendants' Motion for Leave of Court to File Second Supplemental and Amended Answer to Complaint, Record Doc. No. 36, is now before me. Defendants seek to amend their answer to add an additional affirmative defense under Louisiana Revised Statutes § 9:2798.4. The statute states, in pertinent part, that no person shall be liable for damages sustained by the operator of a motor vehicle if that operator was operating the vehicle under the influence of a controlled dangerous substance. La. R.S. § 9:2798.4. Defendants state that their proposed amendment is prompted by information learned in March and April 2019, from plaintiff's deposition testimony regarding her marijuana use in the days preceding the subject accident and defendants' receipt and review of certified medical

records containing plaintiff's drug screening results from the date of the accident. Record Doc. No. 36-1 at pp. 1–2.

Plaintiff filed a timely opposition memorandum. Record Doc. No. 37. Defendant was permitted to file a reply brief. Record Doc. Nos. 42, 43. Oral argument on this motion was conducted on May 1, 2019. Having considered all of the submitted materials and the oral argument of counsel, defendants' motion is GRANTED for the following reasons.

I. <u>LEGAL STANDARD</u>

When the court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. <u>Only upon the movant's demonstration of good cause to modify the scheduling order</u> will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis added). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" <u>Sw. Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting <u>S & W Enters.</u>, 315 F.3d at 535); accord <u>Fahim v. Marriott Hotel Servs., Inc.</u>, 551 F.3d 344, 348 (5th Cir. 2008);

Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008); In re Int'l Marine, LLC, 2009 WL 498372, at *1–2 (E.D. La. Feb. 26, 2009).

If Rule 16(b) good cause is established, Rule 15(a) is liberal in favor of permitting amendment of pleadings. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

II.  ANALYSIS

As noted above, the scheduling order deadline for amendment of pleadings expired on October 29, 2018. This deadline lapsed without being extended. Thus, Rule 16(b) governs amendment of pleadings in this matter, and defendants must establish "good cause" for their untimely amendment before the liberal Rule 15(a) standard might apply.

In their explanation for seeking amendment after expiration of the amendment deadline, defendants state that the information supporting the proposed affirmative defense was not learned by defendants until March and April 2019, during discovery. Specifically,

defendants state that on March 14, 2019, they received medical records certified on March 9, 2019, containing the results of plaintiff's drug screening at University Medical Center ("UMC") on the date of the subject accident. Record Doc. No. 36-1 at p. 2. These results confirmed the presence of tetrahydrocannibinol ("THC"), the active ingredient in marijuana, in plaintiff's urine on the day of the accident. Record Doc. No. 36-2 at p. 2. Defendants also assert that plaintiff testified during her April 10, 2019 deposition that she ingested marijuana before the subject accident. Record Doc. No. 36-1 at p. 2. Plaintiff confirms this testimony in her opposition memorandum, stating that "she had consumed marijuana in the two or three days before [the] accident." Record Doc. No. 37 at pp. 2–3. Plaintiff's opposition memorandum argues that defendants possessed the drug screening results since October 22, 2018, when plaintiff provided her initial disclosures to defendants. Record Doc. No. 37 at p. 2. However, that document, Record Doc. No. 39-2, indicates that the presence of drugs in plaintiff's hospital drug screening was either "not detected" or "not confirmed." Defendants' reply asserts that confirmed drug screening results were not included in plaintiff's initial disclosures and references email correspondence between opposing counsel suggesting that UMC provided additional certified medical records in March 2019 that were not included in plaintiff's initial disclosures. Record Doc. Nos. 38-3, 38-4 at p. 1. The drug screening results were certified by UMC's custodian of medical records on March 9, 2019. Record Doc. No. 36-2 at p. 1. I find that defendants' explanation is persuasive and favors amendment.

As to importance, amendment is crucial to defendants because, if defendants prevail on the affirmative defense supplied by La. R.S. § 9:2798.4, they will have no liability for plaintiff's damages sustained in the subject accident. This factor weighs heavily in favor of finding good cause for amendment.

Some prejudice to plaintiff may occur in allowing defendants to plead their proposed affirmative defense in that plaintiff must necessarily address the allegation that she was under the influence of a controlled dangerous substance on the date of the subject accident. However, plaintiff testified at her deposition as to her own ingestion of marijuana in the days preceding the accident and participated in a drug screening on the day of the accident that reflected the possible presence of THC in her urine. It should come as no surprise to plaintiff that defendants would seek plaintiff's medical records in discovery, depose plaintiff on her status before the accident and attempt to assert affirmative defenses arising from their discovery concerning plaintiff's physical status. I find that any prejudice to plaintiff resulting from this late amendment would not be undue because ample time remains before trial for plaintiff adequately to prepare for and address this defense.

Trial in this matter is currently set for January 13, 2020, more than seven (7) months from today. Record Doc. No. 11. While an extension of the discovery deadline may be necessary and should be available, a trial continuance should not be necessary.

This factor favors a good cause finding. The totality of the Rule 16(b) factors supports a finding of good cause for this untimely amendment.

Under the more liberal Rule 15(a) standard, I find that defendants have not engaged in undue delay in moving to amend their answer, based on their recent acquisition of information necessary to support an affirmative defense under La. R.S. § 9:2798.4. The Fifth Circuit has defined bad faith generally as "implying or involving actual or constructive fraud, or a design to mislead and deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive." <u>Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.</u>, 293 F.3d 912, 922 (5th Cir. 2002)) (interpreting Louisiana law). The record reflects no such bad faith or dilatory motive on the part of defendants. Because defendants received confirmation to support their proposed affirmative defense several months after their first amended answer was filed, there is no undue delay or failure to cure deficiencies in defendants' previous amendment. As stated above, any prejudice to plaintiff is not undue and is cured by a trial date set more than seven (7) months from today. Amendment is not futile because defendants have pled sufficient facts to support an affirmative defense under La. R.S. § 9:2798.4. For the foregoing reasons, the Rule 15(a) factors weigh heavily in favor of allowing amendment. Defendants' motion to amend their answer to add an affirmative defense under La. R.S. § 9:2798.4 is therefore granted.

New Orleans, Louisiana, this \_\_\_\_1st\_\_\_\_ day of May, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE