UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ASHLEY GILES | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-6090 |
| ACE AMERICAN INSURANCE COMPANY ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is defendant Werner Enterprises Inc.'s motion for partial summary judgment on plaintiff Ashley Giles's direct negligence claims against it.[1] Because plaintiff cannot pursue both *respondeat superior* and direct negligence claims against defendant simultaneously, the Court grants the motion.

## I.  BACKGROUND

This case arises from a car accident.[2] Plaintiff alleges that she was traveling on Interstate 59 in St. Tammany, Louisiana on May 12, 2018 when another vehicle struck her car.[3] The vehicle was allegedly owned by defendant Werner Enterprises and operated by its employee, defendant

---

[1]  R. Doc. 22.
[2]  R. Doc. 1.
[3]  *Id.* at 1 ¶ 2.

Matthew Melton.[4] Plaintiff contends that Melton negligently caused the accident.[5]

On June 19, 2018, plaintiff filed a complaint against Melton, Werner Enterprises, and Werner's alleged insurance company, ACE American Insurance Company, in this Court.[6] Plaintiff claims that Melton negligently caused the accident by, *inter alia*, following too close, failing to keep a lookout, traveling too fast, and failing to maintain control of his vehicle.[7] She further alleges that Werner is liable for Melton's negligence under a theory of *respondeat superior*.[8] Plaintiff also claims that Werner was directly negligent by negligently hiring Melton, negligently training and supervising Melton, negligently entrusting the vehicle to Melton, and failing to adequately maintain and inspect the vehicle, failing to warn Melton of alleged defects in the vehicle, and failing to develop adequate safety policies and procedures with respect to the vehicle.[9]

On July 25, 2018, defendants filed an answer to plaintiff's complaint in which they admitted that Melton was acting in the course and scope of his

---

[4]  *Id.*
[5]  *Id.* at 3 ¶ 7.
[6]  R. Doc. 1.
[7]  *Id.* at 3 ¶ 8.
[8]  *Id.* at 4 ¶ 9; R. Doc. 22-2 at 1 ¶ 1.
[9]  *Id.* at 3-4 ¶ 8; R. Doc. 22-2 at 1 ¶ 1.

employment with Werner at the time of the accident.[10] Defendants have since filed a first amended answer and a second amended answer, both of which include the same admission.[11]

Defendant Werner has now filed a motion for partial summary judgment.[12] Werner argues that, because it conceded that Melton was acting in the course and scope of his employment, plaintiff cannot bring direct negligence claims against it.[13] Plaintiff opposes the motion.[14]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99

---

[10] R. Doc. 6 at 1-2 ¶¶ 3-4.
[11] R. Doc. 21 at 1-2 ¶¶ 3-4; R. Doc. 48 at 1-2 ¶¶ 3-4.
[12] R. Doc. 22.
[13] *Id.*
[14] R. Doc. 32.

(5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with

4

respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Defendant argues that plaintiff's direct negligence claims against it must be dismissed because a plaintiff cannot simultaneously claim negligence under a theory of *respondeat superior* and direct negligence by an employer for the same incident when the employer stipulates that the employee acted in the course and scope of his employment.[15] As defendant points out, several federal courts in Louisiana have recently determined that, when it is undisputed that an employer is vicariously liable for the negligent

---

15 R. Doc. 22-1 at 1-2.

acts of its employee, the plaintiff cannot also maintain a direct negligence claim against the employer. *See Dennis v. Collins*, No. 15-2410, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016); *Wright v. Nat'l Interstate Ins. Co.*, No. 16-16214, 2017 WL 5157537, at *3 (E.D. La. Nov. 7, 2017); *Franco v. Mabe Trucking Co., Inc.*, No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); *Vaughn v. Taylor*, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019).

This Court addressed the issue two months ago in *Thomas v. Chambers*, No. 18-4373, 2019 WL 1670745 (E.D. La. Apr. 17, 2019). As in this case, *Thomas* involved a car accident in which the plaintiff sued both the employee driving at the time of the accident and his employer. In that case, the Court determined that plaintiff could not maintain both types of claims. *Id.* at *7. The Court relied on the Louisiana Third Circuit Court of Appeals' decision in *Libersat v. J & K Trucking, Inc.*, 772 So. 2d 173 (La. App. 3 Cir. 2000), to make an *Erie* guess as to how the Louisiana Supreme Court would decide the issue. *Thomas*, No. 18-4373, 2019 WL 1670745, at *6. The Third Circuit in *Libersat* upheld the trial court's decision not to include a jury instruction that the defendant had a duty to exercise care in hiring and training its employee when there was no dispute that the driver was operating the vehicle in the course and scope of his employment. *Libersat*,

6

772 So. 2d at 179. It reasoned that if the employee was found negligent, the employer was automatically liable, while if the employee was not negligent, then no amount of negligence in the hiring or training of him would render the employer liable. *Id.* This Court reasoned that, if a jury charge on the employer's standard of care is unnecessary under the scenario at issue, then summary judgment on direct negligence claims is also appropriate. *Thomas*, No. 18-4373, 2019 WL 1670745, at *7. Further, the Court found that prudential considerations such as streamlining the litigation process and avoiding unnecessary confusion for the jury weighed in favor of granting summary judgment on the plaintiff's direct negligence claims against the employer. *Id.* The facts of this case are directly analogous to *Thomas*, and the same principles necessitate summary judgment here.

Plaintiff argues that the Court should disregard the many federal courts that have held that she cannot bring both types of claims because Louisiana Civil Code Article 2324 requires that a jury allocate fault between the parties.[16] Plaintiff contends that removing her direct negligence claims against Werner "inappropriately withholds consideration of an actor's alleged legal fault."[17] This argument does not follow, because there is no need

---

16    R. Doc. 32 at 7-8.
17    *Id.* at 7.

to allocate fault between the parties when plaintiff's vicarious liability claims make Werner entirely responsible for Melton's negligence. If Melton is found to be negligent, the principle of *respondeat superior* automatically makes Werner responsible for the entirety of Melton's liability. *See Quebedeaux v. Dow Chem. Co.*, 820 So. 2d 542, 547 (La. 2002) (Weimer, J., concurring) ("When vicarious liability based on *respondeat superior* applies, the responsibility of the employer is coextensive with the responsibility of the employee who committed the tort."). Werner will therefore be held to full account for any potential liability via its stipulation and plaintiff's vicarious liability claims. An allocation of fault under the principles of comparative negligence is not necessary under the facts of this case.

Plaintiff also argues that public policy considerations weigh in favor of allowing plaintiffs to bring both types of claims simultaneously.[18] As already noted, the Court finds that public policy considerations such as streamlining the litigation process and avoiding unnecessary confusion for the jury weigh in favor of granting summary judgment. Eliminating the direct negligence claims does not impinge upon plaintiff's right to be fully compensated for any injury she suffered that was caused by defendants' negligence. The Court finds that, on balance, a rule disallowing simultaneous vicarious and direct

---

[18] *Id.* at 9-10.

negligence claims serves the public good. Accordingly, plaintiff's direct negligence claims are properly dismissed.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment on plaintiff's direct negligence claims against it is GRANTED. Those claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __26th__ day of June, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE